IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Richard Jarzynka,                              )
                                               )
                    Plaintiff,                 )
                                               )
              v.                               )        Civil Action No. 10-1594
                                               )
UPMC HEALTH SYSTEM,                            )
                                               )
                    Defendant.                 )

**MEMORANDUM OPINION AND ORDER**

CONTI, District Judge.

### I. Introduction

Pending before the court is a motion to dismiss (ECF No. 7) the amended complaint of
*pro se* plaintiff Richard Jarzynka ("Jarzynka" or "plaintiff") as well as a motion to dismiss (ECF
No. 12) Jarzynka's response to the motion, which the defendant UPMC Health System
("UPMC") refers to as the second amended complaint.  On February 14, 2011, Jarzynka filed the
amended complaint (ECF No. 5), alleging the following claims: violation of the Americans with
Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, (Count I); false imprisonment (Count II);
battery (Count III); and violation of his rights under 42 C.F.R. §§ 482.13(b) and (e) (Counts IV
and V).  On February 23, 2011, UPMC filed the motion to dismiss the amended complaint
pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing there is (1) no
individual claim for past events under the ADA, (2) no individual claim for violations of 42
C.F.R. § 482.13, and (3) no subject-matter jurisdiction over the remaining state law claims.
(ECF No. 7.)  In his response to UPMC's motion to dismiss the amended complaint (ECF No.
11), Jarzynka requested leave to amend the amended complaint to "convert" Count I from an

ADA claim to a violation of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 701 *et seq*., and to retract Counts IV and V.   UPMC filed a motion to dismiss Jarzynka's response, which it called the second amended complaint. (ECF No. 12.)   UPMC contends that there is no claim for medical treatment decisions under the Rehabilitation Act and thus, this court lacks subject-matter jurisdiction over the remaining state law claims.

On May 9, 2011, Jarzynka filed a response (ECF No. 16) to UPMC's motion to dismiss the second amended complaint arguing, among other things, it was procedurally improper because he had not yet filed a second amended complaint.   On September 1, 2011, Jarzynka filed a notice to withdraw Counts II (false imprisonment) and Count III (battery) of his amended complaint. (ECF No. 17).

Due to UPMC's apparent confusion regarding the nature of Jarzynka's response, the court will treat Jarzynka's response (ECF No. 11) to UPMC's motion to dismiss the amended complaint as a motion for leave of court to amend the amended complaint, *i.e.* to file a second amended complaint; UPMC's motion to dismiss the second amended complaint (ECF No. 12) will be treated as UPMC's opposition to Jarzynka's motion for leave to file a second amended complaint; and, Jarzynka's response to UPMC's opposition (ECF No. 16) will be treated as a reply.

Jarzynka did not respond to UPMC's motion to dismiss the ADA claim contained in his amended complaint, other than to request leave to file a second amended complaint to "convert" that claim to a Rehabilitation Act claim.   Under these circumstances, because Jarzynka did not contest the grounds supporting the dismissal of his ADA claim, the court will grant the motion to dismiss the amended complaint (ECF No. 7.)   This opinion will address whether Jarzynka's request to file a second amended complaint to assert a claim under the Rehabilitation Act should

be granted. Because the allegations to support such a claim show that the claim would be futile, the court concludes the request will be denied. The denial is without prejudice to plaintiff being able to request leave to file an amendment to raise a different federal claim. If plaintiff has plausible grounds to make such a request, a motion for leave to file a second amended complaint must be filed within thirty days of the entry of this Memorandum Opinion and Order. In the event no such motion is timely filed, this case will be closed with prejudice.

## II. *Factual Allegations*

Jarzynka alleges the following facts in the amended complaint. Jarzynka has received continuous treatment for bipolar disorder since his diagnosis in 1989. (Pl's Am. Compl. ¶ 71.) He receives social security disability benefits because he has bipolar disorder. (Id. ¶ 75.) UPMC, a health care provider, receives federal medicare assistance. (Pl's Resp. to Def.'s Mot. to Dismiss Pl's Am. Compl. ¶¶ 9-10.) Jarzynka voluntarily went to the Diagnostic Evaluation Center ("DEC") of Western Psychiatric Institute and Clinic ("WPIC") on September 28, 2010. (Pl's Am. Compl. ¶ 7.) He went to DEC because he was concerned that his bipolar medication, prescribed by a WPIC physician, might be contributing to his symptoms from restless leg syndrome, also treated by the same physician. (Id. ¶¶ 9-10.) Jarzynka told a social worker at DEC that he was not experiencing any symptoms of bipolar disorder and he was not having any violent thoughts or delusions. (Id. ¶¶ 11, 15.)

After waiting for four hours, Jarzynka decided to leave. (Id. ¶ 19.) Jarzynka approached an employee located by the Emergency Room and told the employee that he wanted to leave. The employee called a supervisor asking permission to let Jarzynka go. (Id. ¶ 21.) The supervisor told the employee Jarzynka could leave only after being evaluated by a doctor. (Id. ¶ 22.) Despite several requests, Jarzynka was not permitted to exit through the locked door. (Id.

3

¶¶ 23-27.)  Security personnel were called for assistance, and Jarzynka attempted to kick open the door, which was the only way out.  (<u>Id.</u> ¶¶ 28-30.)  Jarzynka exited the DEC when a WPIC employee entered through the locked door.  (<u>Id.</u> ¶ 31.)  Three WPIC employees grabbed Jarzynka and violently restrained him against his will, unsuccessfully trying to force him to the floor.  (<u>Id.</u> ¶¶ 32-36.)  After one of the employees yelled for a nurse to give Jarzynka a shot, he quit resisting.  (<u>Id.</u> ¶¶ 37-39.)  Jarzynka was subsequently held in a seclusion room for four hours before a doctor evaluated him.  (<u>Id.</u> ¶¶ 45-49.)  The doctor recommended Jarzynka see a neurologist and discharged him.  (<u>Id.</u> ¶ 51.)

In response to a report of this incident, the Pennsylvania Department of Health ("the DOH") conducted an unannounced investigation on December 13, 2010.  (<u>Id.</u> at Ex. E.)  The DOH cited WPIC with violations of Pennsylvania licensure and federal medicare regulations.  (<u>Id.</u>)

WPIC's policy is that "[w]hen a consumer requests an evaluation in the DEC, they must be seen by a physician before leaving.  The purpose of the physician evaluation is to assure that there are no immediate safety concerns."  (<u>Id.</u> at Ex. B.)  This policy is based upon patients at WPIC having or being treated as having a psychiatric disability.  (<u>Id.</u> ¶ 87.)  UPMC's other hospitals that do not specialize in the treatment of psychiatric illnesses do not require an evaluation before a patient, who arrived voluntarily, may leave.  (<u>Id.</u> ¶ 86.)  WPIC maintains this policy under the presumption that all individuals with psychiatric disabilities are likely to be dangerous to themselves and others.  (<u>Id.</u> ¶¶ 85, 88.)

### III. Standard of Review

<u>Motion for Leave to Amend Complaint</u>

Federal Rule of Civil Procedure 15(a) provides as follows:

**Rule 15. Amended and Supplemental Pleadings**

**(a) Amendments Before Trial.**

**(1)** *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

> **(A)** 21 days after serving it, or
>
> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

**(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

**(3)** *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.

FED. R. CIV. P. 15(a).

Generally, leave to amend a complaint will not be granted if the amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (reversing district court for failing to grant plaintiff right to amend when the district court did not specifically find that granting leave to amend would be inequitable or futile). Permitting amendment is consistent with Rule 15(a) of the Federal Rules of Civil Procedure, which provides leave to amend "should be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). A court, however, may decide to deny leave to amend for reasons such as undue delay, bad faith, dilatory motive, prejudice, and futility. Swift v. McKeesport Hous. Auth., 726 F. Supp. 2d 559, 567 (W.D. Pa. 2010) (citing In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)).

## IV.     Discussion - The Rehabilitation Act

Jarzynka claims that "[t]he difference between [UPMC]'s policy regarding the detention of psychiatric patients presenting voluntarily at WPIC's ER and [UPMC]'s policy of not detaining non-psychiatric patients at the ER[s] of [UPMC]'s other hospitals constitutes discrimination on the basis of disability."  (Pl's Am. Compl. ¶ 90.)   In his response Jarzynka asserts that this kind of alleged discrimination is actionable under the Rehabilitation Act and he should be permitted to amend his complaint a second time to substitute a claim under the Rehabilitation Act for the one asserted under the ADA.

Section 504 of the Rehabilitation Act provides: "[n]o otherwise qualified individual with a disability . . .  shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C. § 794(a).  Section 504 of the Rehabilitation Act aims to eradicate discrimination against individuals with disabilities.  Helen L. v. DiDario, 46 F.3d 325, 330 (3d Cir. 1995).  The Rehabilitation Act is "commonly known as the civil rights bill of the disabled," ADAPT v. Skinner, 881 F.2d 1184, 1187 (3d Cir. 1989), and the language is "virtually identical to that of section 601 of Title VI of the Civil Rights Act of 1964 that bars discrimination based upon race, color or national origin in federally-assisted programs." Helen L., 46 F.3d at 330 n.8 (citing Consol. Rail Corp. v. Darrone, 465 U.S. 624, 626 (1984)).  Under the Rehabilitation Act, those receiving federal funds must provide "evenhanded treatment and the opportunity for handicapped individuals to participate in and benefit from programs receiving federal assistance." Alexander v. Choate, 469 U.S. 287, 304 (1985); see Grzan v. Charter Hosp. of Nw. Ind., 104 F.3d 116, 122 (7th Cir. 1997).

To establish a claim under the Rehabilitation Act, a plaintiff must prove: (1) he is a disabled individual under the Rehabilitation Act; (2) he is "otherwise qualified" *for the position or benefit sought*; (3) he was excluded or discriminated against "solely by reason of his handicap;" and (4) the program or activity in question receives federal financial assistance. Wagner v. Fair Acres Geriatric Ctr., 49 F.3d 1002, 1009 (3d Cir. 1995).  Additionally,

> [o]nce a plaintiff establishes a prima facie showing of discrimination, he or she has the burden of articulating reasonable accommodations that the defendant can make in order to comply with the ADA and the [Rehabilitation Act]. *See Frederick L. v. Department of Public Welfare of Com. of Pennsylvania,* 364 F.3d 487, 492 n.4 (3d Cir.2004) (construing *Olmstead v. L.C.,* 527 U.S. 581, 587, 119 S.Ct. 2176, 144 L.Ed.2d 540 (1999)). The burden then shifts to the defendant to make any reasonable accommodations, unless the defendant can prove that the accommodations would be unduly burdensome or fundamentally alter the program. *See Frederick L.* at 487, 492 n.4; [Nathanson v. Medical Coll. of Pa., 926 F.2d 1368, 1384 (3d Cir.1991)].

> Thus, only after a plaintiff has established a prima facie case of disability discrimination must the court undertake a reasonable accommodation analysis. If a plaintiff cannot establish a prima facie case of discrimination there is no violation of either the ADA or the [Rehabilitation Act] and no accommodations are necessary.

Liberty Res., Inc. v. Phila. Hous. Auth., 528 F. Supp. 2d 553, 565 (E.D. Pa. 2007).

In the instant case, Jarzynka went to WPIC because: (i) a psychiatrist at WPIC was treating him for his bipolar disorder and his restless leg syndrome, (ii) that same psychiatrist prescribed him medications to treat the bipolar disorder, and (iii) Jarzynka was concerned that the medications might have caused or exacerbated the syndrome symptoms. He had explained to a social worker at DEC that he was not experiencing symptoms of bipolar disorder.  Jarzynka after waiting several hours, decided to leave the DEC and no longer seek treatment.  He was not permitted to leave.  The decision not to let him leave the facility was made after the employee checked with a supervisor whether "*Richard Jarzynka* . . . [was] ready to go?" (Pl's Am. Compl. ¶ 21) (emphasis added).

The primary element in dispute in this case is the second element – whether Jarzynka was otherwise qualified for a benefit sought. Specifically, Jarzynka argues he was otherwise qualified and that the benefit sought – but denied – "was his right to refuse treatment as guaranteed by 42 CFR 482 13(b)[.]" (Pl's Resp. to Def.'s Mot. to Dismiss Pl's Second Am. Compl. ¶ 30.)[1] In his amended complaint, Jarzynka asserted his right to refuse treatment – the ground for his Rehabilitation Act claim – rests upon a violation of the Pennsylvania Mental Health Procedures Act, 50 PA. CONS. STAT. §§ 7101 *et seq*. (Am. Compl. ¶ 60).

Jarzynka points to no authority in support of his claim that a "benefit" for purposes of the Rehabilitation Act encompasses the right to refuse treatment. While the Rehabilitation Act "leaves the task of defining the relevant 'benefit' to the courts," benefits should not be broadly or abstractly defined. Taylor v. Hous. Auth. of New Haven, 267 F.R.D. 36, 52 (D. Conn. 2010) (citing Alexander, 469 U.S. at 301). Section 504 "'mandate[s] *only* that the services provided . . . to non-handicapped individuals not be denied to a disabled person *because* he is handicapped'– the relevant inquiry in a Section 504 case is of the benefits provided to disabled people 'as compared to the benefits given to non-[disabled] individuals.'" Id. at 53 (quoting Doe v. Pfrommer, 148 F.3d 73, 83 (2d Cir.1998)). Here, the interpretation of the term "benefit" put forward by Jarzynka is too broad. Benefit means "something that promotes well-being: ADVANTAGE", "useful aid: HELP"; or "a payment or service provided for under an annuity, pension plan, or insurance policy." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 106 (10th ed. 2002); see BLACK'S LAW DICTIONARY 178 (9th ed. 2004) ("advantage", "privilege", "profit", and "gain"). Accordingly, where the conduct at issue involves no treatment or service being

---

[1] It should be noted that in his response to UPMC's motion to dismiss the amended complaint (ECF No. 11), Jarzynka retracted his prior Counts IV and V in which he respectively alleged violations of 42 C.F.R. § 482.13(b) and 42 C.F.R. § 482.13(e).

sought, no benefit is being sought.  Refusing treatment is the antithesis of seeking treatment or a benefit, *i.e.* an advantage, help or service.  In the unique circumstances present here, the term "benefit" cannot be construed to mean "right to refuse treatment."

Additionally, this court's research did not uncover any support for Jarzynka's argument; rather, decisions relating to the definition of "benefit" all seem to point to the same direction: Section 504 "requires that an otherwise qualified handicapped individual be provided with meaningful access to the benefit that the grantee offers." Alexander, 469 U.S. at 301 (1985). "As held in *Alexander* and reiterated in [Rodriguez v. City of New York, 197 F.3d 611 (2d Cir. 1999)] and [Safe Air for Everyone v. Idaho, 469 F. Supp. 2d 884 (D. Idaho 2006)], a violation of the . . . [Rehabilitation Act] only occurs when a disabled person is denied meaningful access to a benefit already provided by the program." Liberty Res., Inc., 528 F. Supp. 2d at 568.  This is not the case here.  Jarzynka was not denied a benefit, *i.e.* service or assistance.  UPMC was not offering the services of refusing treatment.  UPMC was offering medical services and Jarzynka did not want them.

UPMC argues that the Rehabilitation Act does not apply to medical treatment decisions. (Def.'s Mot. to Dismiss Pl.'s Second Am. Compl. ¶¶ 10-18) (citing, among others, Grzan v. Charter Hosp. of Nw. Ind., 104 F.3d 116, 122 (7th Cir. 1997)).  Jarzynka argues, on the other hand, that the policy prohibiting the release of a person prior to an evaluation it is not a medical decision. (Pl's Resp. to Def.'s Mot. to Dismiss Pl's Second Am. Compl. ¶¶ 9-18.)  The court, however, views the dispositive issue to be whether Jarzynka can assert a claim under the Rehabilitation Act when the conduct involved does not encompass the seeking of a benefit.  As noted, the desire not to seek treatment is the opposite of seeking a benefit.

In <u>Caesar v. Horel</u>, No. C 08-1977, 2011 U.S. Dist. LEXIS 51663, at *7-9 (N.D. Cal. May 10, 2011), the district court held a claim asserted under the Rehabilitation Act must be dismissed. The plaintiff – a state prisoner – alleged, among other things, that he had a disability and the California Department of Corrections and Rehabilitation had a policy of discrimination by creating a "campaign of torture". Id. at *9. The district court held that the alleged campaign was not cognizable as a violation of the Rehabilitation Act because the prisoner was not alleging "that he has been excluded from participating in a prison program or service, and such exclusion is by reason of his disability." <u>Id</u>. In other words, because the prisoner did not seek a benefit or service, he could not assert a claim under the Rehabilitation Act. The prisoner requested the district court reconsider its decision, but, for the same reasons noted above, the district court denied that motion. <u>Caesar v. Horel</u>, C 08-1977, 2011 WL 2560325, at *3-4 (N.D. Cal. June 28, 2011). Here, Jarzynka is alleging he was not permitted to leave, but, like the plaintiff in <u>Caesar</u>, he failed to allege he was denied or excluded from participating in a program or service offered by UPMC. Thus, his claim is not cognizable under the Rehabilitation Act.

After carefully reviewing Jarzynka's amended complaint and his response to UPMC's opposition, the court concludes it would be futile to grant Jarzynka's motion for leave to amend because Jarzynka, for the reasons stated above, would not be able to state a cognizable claim under the Rehabilitation Act.

### V. Conclusion

In light of the foregoing, the court grants UPMC's motion to dismiss the amended complaint (ECF No. 7) and denies without prejudice Jarzynka's motion for leave to amend (ECF No. 11). The court denies without prejudice UPMC's motion to dismiss the second amended complaint (ECF No. 12) because it is a response to a motion to amend and should not have been

filed as a motion to dismiss.  If Jarzynka fails to file a renewed motion to file second amended complaint asserting a cognizable federal claim within thirty days of the entry of this memorandum opinion and order, this case shall be closed with prejudice. An appropriate order follows.

## ORDER

**AND NOW**, on this 29th day of September 2011, upon consideration of the record, including the motion for leave to amend and the response thereto,

**IT IS HEREBY ORDERED** that UPMC's motion to dismiss the amended complaint (ECF No. 7) is GRANTED, Jarzynka's motion for leave to amend (ECF No. 11) is DENIED without prejudice, and UPMC's motion to dismiss the second amended complaint (ECF No. 12 is DENIED without prejudice.  If Jarzynka fails to file a renewed motion to file a second amended complaint asserting a cognizable federal claim within thirty days of the entry of this memorandum opinion and order, this case shall be closed with prejudice.

BY THE COURT,

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   RICHARD JARZYNKA
      109 Crestwood Drive
      Pittsburgh, PA 15209